**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY E. GASTON** | ) | **CASE NO. 3:04CV7725** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) | |
| | ) | |
| **JAMES HAVILAND, Warden,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

Before this Court is Larry E. Gaston's Petition for writ of habeas corpus filed on January 12, 2005. This case was referred to United States Magistrate Judge David S. Perelman for a Report and Recommendation. Magistrate Judge Perelman recommended that Petitioner's petition be dismissed without further proceedings. Upon review, the Court accepts the recommendation of the Magistrate Judge and dismisses the petition with prejudice.

## **I. FACTUAL BACKGROUND**

Petitioner Larry E. Gaston was convicted in April, 1997, of one count of aggravated burglary and one count of felonious assault arising as a consequence of his attack, with a hatchet, on a mentally challenged man. He was sentenced to eight and seven years incarceration respectively, with the sentences to be served consecutively. On December 4, 1998, Petitioner's conviction was affirmed by the Ohio Sixth District Court of Appeals. Petitioner then applied to reopen his appeal and was denied, as that court found that he had not been able to present any argument that his appellate counsel failed to raise on the original appeal, nor was he able to show how he was prejudiced by the alleged failure. Petitioner did not file a timely appeal of either of the appellate court's rulings to the Ohio Supreme Court.

On April 19, 1999, Petitioner filed a habeas petition with this Court which was dismissed without prejudice because Petitioner had failed to exhaust his state court remedies. Petitioner then filed an appeal with the Ohio Supreme Court, but failed to submit the materials necessary to perfect his appeal within the 45 day time limit. Petitioner filed a second habeas petition on September 24, 1999. The second habeas petition was dismissed with prejudice as procedurally defaulted based on the erroneous belief that petitioner's appeal to the Ohio Supreme Court had been a delayed appeal from the denial of a post-conviction petition, which it was not.

On August 10, 2001 the Sixth Circuit Court of Appeals reversed the lower court's decision dismissing Petitioner's second habeas petition with prejudice and held that:

1. Petitioner still had available to him a motion for leave to file a delayed appeal to the Ohio Supreme Court regarding his allegation that the

> prosecution failed to preserve exculpatory blood evidence, so that there had been a failure to exhaust the claim;
> 2. The remaining claims of prosecutorial misconduct were not barred by *res judicata* and could be raised in a post-conviction petition; and
> 3. Regarding the five separate allegations of ineffective assistance of trial counsel, only the allegation that counsel failed to move for dismissal based on the lead detective's testimony that he failed to preserve potentially exculpatory evidence was barred by *res judicata*, and the remaining claims could be raised in a petition for post-conviction relief.

*See Gaston v. State of Ohio*, 27 F.Appx. 301, (Ohio Ct. App. 6, Sep. 10, 2001). The action was remanded with instructions to dismiss the petition without prejudice for failure of exhaustion, except the one claim found to be barred by *res judicata*. On September 19, 2001, petitioner filed a petition for post-conviction relief with the trial court that was denied as:

> 1. Untimely;
> 2. Barred by *res judicata*;
> 3. *Res judicata* aside there was no support for his claim of ineffective assistance of counsel; and
> 4. That the court had no jurisdiction to review any merits of the findings or rulings of a federal district court.

Petitioner attempted to appeal that denial of post-conviction relief on October 18, 2002 and December 16, 2002. Both times petitioner filed his notice of appeal with the wrong court, causing the appellate court to dismiss his appeals as improperly perfected.[1]

On January 12, 2005 Mr. Gaston filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserted the following three claims for relief:

> 1. Prosecutorial misconduct for failing to preserve evidence favorable to petitioner;
> 2. Ineffective assistance of trial counsel; and

---

[1] Petitioner's second appeal was dismissed as untimely as well.

      3. Ineffective assistance of appellate counsel.

Respondent contends that petitioner's three claims for relief have been otherwise procedurally defaulted and the instant petition is subject to dismissal.

## II. STANDARD OF REVIEW

### A. Review of Magistrate Judge's Report and Recommendation

Section 636(b)(1)(B) of the Federal Magistrates Act allows magistrates to hear habeas corpus petitions. *Flournoy v. Marshall*, 842 F.2d 875, 877 (6th Cir. 1988). However, Congress intended that the district court judge be the final arbiter by providing *de novo* review of the magistrate's findings. *Id*. at 878. In *Flournoy*, the Sixth Circuit specifically clarified the proper role of magistrate judges and emphasized "to the district courts the importance of employing the proper standard of review of the magistrate's findings." *Id*. at 876. The court stressed that it was only clarifying the standard required by the Federal Magistrates Act and the Constitution – that district court judges may not abdicate their responsibility to magistrate judges; they must review *de novo* the magistrate judge's report and recommendation in habeas cases in order to fulfill their Article III duties. *Id*. at 878-79. The district court may accept, reject, modify, or remand the proposed finding. *Id*. at 876, FN 3.

### B. Habeas Corpus

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>     1. resulted in a decision that was *contrary to*, or involved an *unreasonable*

>*application of*, clearly established federal law, as determined by the Supreme Court of the United States; or
>2. resulted in a decision that was based on an *unreasonable determination of the facts in light of the evidence presented* in the State court proceeding.

28 U.S.C. § 2254(d) (1996) (emphasis added).

The Supreme Court has held that the clauses "contrary to" and "unreasonable application of . . . federal law" have independent meanings. *Williams v Taylor*, 529 U.S. 362, 404-05 (2000). A state court decision is "contrary to" Supreme Court precedent "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a[n opposite result]." *Id*. at 405.  A state court decision involves an "unreasonable application of clearly established federal law, as determined by the Supreme Court . . . " if  "the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or if  "the state court either unreasonably extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 405-07. The "unreasonable application" clause inquiry is whether "the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409-10.

The provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996**,** govern this petition for writ of habeas corpus. Respondent waives any claim of untimely filing under the one-year limitation period of AEDPA**.**

**i. The Exhaustion Doctrine**

The Court's task in habeas review is to only consider claims which were

-5-

adjudicated on the merits in the state courts. Claims which were not substantively analyzed by the state courts may generally not be addressed. *Lancaster v. Adams*, 324 F.3d 423, 436 (6th Cir. 2003) (citing *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000)). Under the exhaustion doctrine, before filing a petition in federal habeas corpus a defendant must utilize all available state remedies by which he may seek relief based upon an alleged violation of constitutional rights. *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). By requiring defendant to exhaust all available state remedies, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). However, an unexhausted claim may be considered if the claim cannot succeed on the merits and will not result in a grant of relief. *Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000).

By ensuring that the habeas petitioner meets exhaustion requirements, federal courts avoid the unseemliness of overturning a state court conviction without first giving state courts the opportunity to correct the judgment. *O'Sullivan*, 526 U.S. at 845 (1999).

**ii. Procedural Default**

A claim is deemed exhausted even if it has not been presented to the state's highest court when the petitioner is foreclosed from raising it in that forum because the time for filing has expired or he is otherwise procedurally precluded from raising it. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). When a petitioner fails to appeal a claim to the state's highest court and then the opportunity to do so is lost, the petitioner is said to have procedurally defaulted the claim. *Wainwright v. Sykes*, 433 U.S. 72, 84

(1977). Likewise, failure to fairly present an issue to the state courts results in waiver of that issue. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The Sixth Circuit, in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), delineated a four-part test to determine if a habeas claim is procedurally defaulted due to petitioner's failure to observe a state procedural rule. The district court must first determine if a state procedural rule existed with which the petitioner failed to comply. Next, the court must determine whether the state court enforced the sanction for petitioner's failure to comply. If so, the court must determine if failure to comply with the state procedural rule constitutes an adequate and independent ground for barring review of the federal constitutional claim. If all the above questions are answered in the affirmative, the petitioner must demonstrate cause for having failed to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error in order to avoid having his claim procedurally defaulted. *Maupin*, 785 F.2d at 138 (1986); *see also Greer v. Mitchell*, 264 F.3d 663, 672-73 (6th cir. 2001), *cert denied*, 535 U.S. 940 (2002).

**iii. Prosecutorial Misconduct**

Claims of prosecutorial misconduct are reviewed deferentially on habeas review. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The controlling rule on the issue of alleged improper conduct by the prosecutor is that in order to warrant habeas relief, the misconduct by the prosecutor must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Caldwell v. Russell*, 181 F.3d 731 (6th Cir. 1999). Even if the prosecutor's conduct "was improper or even "universally condemned" [this court] can

provide relief only if the [conduct was] so flagrant as to render the entire trial fundamentally unfair." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003).

The Sixth Circuit applies a two-part analysis to determine whether the conduct of a prosecutor rises to the level of a due process violation. The court must first determine whether the prosecutor's conduct was improper. If improper, that conduct must be analyzed to determine "whether the impropriety was flagrant" so as to amount to a deprivation of constitutional rights and thus warrant reversal. *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001). The factors to be applied in the flagrancy determination are: (1) whether the conduct . . . of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct . . . [was] isolated or extensive; (3) whether the conduct . . . [was] deliberate or accidental; and (4) whether the evidence against the defendant was strong. *Id*.

In the context of a writ for habeas review, the foregoing test is altered by the requirement that the reviewing court defer to the findings of the state courts. *Bowling*, 344 F.3d 512-23. Thus, habeas relief may only be granted if the state court's decision that the prosecutor's conduct was constitutional was an unreasonable application of clearly established federal law.

### III. LAW AND ANALYSIS

**A. Petitioner's Claims of Prosecutorial Misconduct**

-8-

**i. Failing to Preserve Exculpatory Blood Evidence and Eliciting Testimony Contradictory to Prior Statements**

In Count One of his petition, Petitioner claims constitutional violations arising from the prosecution's failing to preserve blood evidence and eliciting testimony at trial from police officers and the victim that contradicted their prior statements.[2] Although Petitioner did raise the claim of failure to preserve the blood evidence in his appeal to the state appellate court, he failed to appeal the decision rejecting that argument to the Ohio Supreme Court. In its August 10, 2001 ruling the Sixth Circuit held that petitioner still has available a motion for leave to file a delayed appeal to that court, thereby rendering this claim unexhausted. Although Petitioner did not directly raise the issue of contradictory statements by police officers and the victim on direct appeal, the issue was raised in his argument that his conviction was against the manifest weight of the evidence. Petitioner also raised this claim in his petition to reopen his appeal, but failed to appeal the courts' rejection of this argument to the Ohio Supreme Court, thereby rendering this claim unexhausted as well.

However, because neither claim can succeed on its merits it would be futile to require Petitioner to file a motion for delayed appeal rather than resolve the issue in these proceedings. The state appellate court found the exculpatory value of the blood evidence

---

[2] Petitioner's claim on direct appeal was the lead detective failed to preserve exculpatory blood evidence and deprived him of his due process rights. Here, Petitioner claims that it was the prosecutor who failed to preserve the blood evidence. The Sixth Circuit found this to be a distinction without a difference, stating "both allegations give rise to the same legal claim–that the government failed to preserve potentially exculpatory evidence in violation of his due process rights." *Gaston v. Ohio*, 2001 U.S. App. LEXIS 18586, \*\*10-11, n.3; *See also*, *United States v. Jobson*, 102 F.3d 214, 218 (6th Cir. 1996).

to be unknown – it was just as likely the blood evidence would have inculpated as exculpated Petitioner. That court found the other evidence used to convict Petitioner was strong, and there was no finding that the prosecution acted in bad faith so as to render the prosecution's conduct improper and support Petitioner's claim of prosecutorial misconduct.

This Court finds those determinations to be objectively reasonable based upon the facts of this case. The state appellate court found: that Petitioner admitted in his own testimony being at the victim's residence on the day of the attack; that the victim positively identified Petitioner at trial; that the unidentified man Petitioner claimed was responsible for the attack was never found, and that it was uncontroverted that Petitioner was found hiding in the ceiling of the victim's basement and resisted arrest. Thus, the appellate court held the weight of the evidence and reasonable inferences that could be made therefrom supported Petitioner's conviction. This Court finds nothing in the record to indicate that the conduct of the prosecution in either case was improper or was an unreasonable application of clearly established federal law. As well, this Court finds no unreasonable determination of the facts in light of the evidence presented. Therefore, Petitioner's first claim for relief fails merit review and his writ for habeas corpus relief based on prosecutorial misconduct is dismissed.

ii**. Excluding Testimony of Officer McQueen and Co-Defendant David Gaston as well as Exculpatory Photographic Evidence**

The balance of sub-issues in Petitioner's first claim for habeas relief were never

raised in any state court. However, unexhausted claims may be considered if they cannot succeed on the merits and will not result in a grant of relief. *See Rockwell*, 217 F.3d at 424.

In Ohio, a claim which could have been but was not raised on direct appeal will be barred from being raised in a delayed appeal or in a petition for post-conviction relief. *Collins v. Perini*, 594 F.2d 592, 593 (6th Cir. 1978). Despite Petitioner's failure to raise the claims they are considered exhausted through procedural default in light of the fact that Petitioner would now be foreclosed from raising them in the state courts. *Hannah*, 49 F.3d at 1196. Petitioner is required to show cause for his failure to raise these issues and actual prejudice resulting from the claimed constitutional error to overcome this longstanding rule. *See Maupin*, 785 F. 2d at 138. Petitioner has failed to show either. These remaining claims are, therefore, dismissed.

**B. Ineffective Assistance of Trial Counsel**

Petitioner failed to raise his second claim, of ineffective assistance of trial counsel, on direct appeal despite being represented by new counsel. That failure, along with his failure to raise the issue on appeal to the Ohio Supreme Court renders this claim procedurally defaulted.

In rejecting his petition for post-conviction relief the state trial court held that this issue was barred by *res judicata* in light of the fact that it was based on evidence in the record. Additionally, this issue is barred by *res judicata* because Petitioner was represented by new counsel on direct appeal, where the issue was either already raised or should have been. As *res judicata* is an adequate and independent basis for barring

-11-

review, Petitioner must show cause for his failure to raise the issue and actual prejudice from the alleged constitutional error. Petitioner has failed to show either. This second claim for relief is, therefore, dismissed.

**C. Ineffective Assistance of Appellate Counsel**

In his third claim for relief, Petitioner alleges ineffective assistance of appellate counsel for failing to assert allegedly exculpatory statements made by Officer McQueen and the 911 caller, Ms. Genna Werrdeli. This issue had not been raised before in state courts. It can, however, be considered as exhausted because Petitioner is foreclosed from raising it in the state courts in light of the fact it could have been, but was not, raised on direct appeal. *See Collins*, 594 F.2d at 593.

Petitioner's claim is procedurally defaulted in the state courts for failing to timely appeal the denial of his application to reopen his appeal–assuming *arguendo*, that he included this claimed error within that application. In order to overcome this procedural default, Petitioner must show cause for his failure to raise the issue and actual prejudice from the alleged constitutional error. He has failed to show either. This third claim for relief is, therefore, dismissed.

**D. Petititoner's Objections to the Magistrate's Report and Recommendation**

"Pro se complaints and other documents, however inartfully pleaded, are held to less stringent standards than [documents] drafted by lawyers and are to be liberally

-12-

construed." *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 880 (N.D. Ohio 1998) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Since the date of this petition, Petitioner has filed two additional documents which, despite liberal construction, cannot be interpreted as objections. Moreover, they do not alter the conclusion that Petitioner's claims be dismissed.

The first document, filed on June 8, 2005, appears to be a request for an *en banc* hearing by the Sixth Circuit Court of Appeals, wherein he complains of undue delay in hearing his appeals. Petitioner has either failed to file appeals, or they have been timely heard and denied. Nevertheless, an appeal for an *en banc* hearing by the Sixth Circuit should be made to that court, not to this District Court. Petitioner's second filing appears to be a complaint that his mail is being misdirected or intercepted. This is an entirely unrelated additional claim that should be filed where appropriate.

## **IV. CONCLUSION**

For the foregoing reasons, Petitioner's petition for writ of habeas corpus is dismissed without further proceedings.

IT IS SO ORDERED

| | |
|---|---|
| February 15, 2006 | s/ Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |